WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions, Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Damien Stone, individually and dba Stone Hard Boxing; James G. Bennitt, Jr., individually and dba Stone Hard Boxing; and Stonehard Boxing, LLC, an unknown business entity dba Stone Hard Boxing,<br><br>　　　　　Defendants. | No. CV-13-00936-PHX-GMS<br><br>**DEFAULT JUDGMENT ORDER** |

Pending before the Court is Plaintiff's Motion for Default Judgment as to Defendant Damien Stone, individually, and d/b/a Stone Hard Boxing; and Stonehard Boxing, LLC, an unknown business entity d/b/a Stone Hard Boxing (hereinafter "Defendant Stone") (Doc.14). In conjunction with the motion, Plaintiff filed a memorandum of points and authorities in support of its application of default judgment. It further files a Declaration of Thomas E. Riley; an Affidavit of Michael Conrad; and an Affidavit of Joseph M. Gagliardi, President of Plaintiff J & J Sports Productions, Inc.

## BACKGROUND

Plaintiff filed its Complaint on May 6, 2011. The relevant allegations in the Complaint are contained in ¶ 24 which alleges that:

> With full knowledge that the Program was not to be intercepted, received published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents

>directly imputable to Defendants (as outlined in paragraphs 7-19 above, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment in Chandler, Arizona located at 2775 N. Arizona Avenue, Chandler, Arizona 85225.

The Complaint further alleged Defendant Stone knowingly violated 47 U.S.C. § 605 (see Complaint ¶¶ 27-29). The Court thus treats that allegation as true for purposes of the entry of default judgment. According to 47 U.S.C. § 605(e)(c)(1)(2), Plaintiff can receive not less than $1,000.00, no more than $10,000.00 in statutory damages. Nevertheless, pursuant to 47 U.S.C. § 605(e)(c)(2) the statutory award of damages can be increased to an amount of not more than $100,000.00 for each violation of the statute because Defendant Stone committed the interception willfully and for purposes of direct or indirect commercial and private financial gain. The Court therefore considers the action cap on the damages awarded to be $100,000.00. *J & J Sports Productions v. Ferreyera*, 2008 WL 4104315 (E.D.CA. 2008). Plaintiff sets forth in its memorandum of points and authorities cases which consider a number of factors in determining the damages to be awarded within the $100,000.00 statutory range. Those factors include:

>(1) the size of the offending establishment; (2) the number and size of screens displaying the pirated broadcast; (3) any evidence of advertising the pirated broadcast to attract customers; (4) any cover change made to patrons of the establishment broadcasting the pirated transmission; (5) any premium for any food and drink charged for any pirated transmission; (6) the need to deter future violations; (7) the difficulty in detecting the unlawful acquisition of the broadcast; and (8) the widespread loss that occurs through pirating license transmissions.

In his Affidavit attached to the motion, Michael Conrad avows that on the date in question he entered the bar for approximately thirty (30) minutes and observed "the

decision being given for the bout between Alfonso Lopez and Kelly Pavlik." The broadcast was on two 36" inch televisions stationed inside the establishment. Mr. Conrad "counted the number of patrons at three separate times. The head counts were 20, 23, and 25" people in the establishment and noted that he paid a $10.00 cover charge to enter the establishment during the fight. In his Affidavit, Mr. Joseph Gagliardi, President of Plaintiff indicates that his broadcast could not have been presented by Defendant Stone through a legitimate means. He further indicates that the pirating of J & J Sports' broadcasts cost his corporation what he believes to be several millions of dollars. He further states that he believes that some of the traditional factors considered by Courts, such as whether or not additional fees are charged by a pirating entity are not appropriate considerations in calculating a damage amount.

After having considered and balanced the difficulty in detecting those who pirate criminal broadcasts, the need to deter future illegitimate pirating of broadcasts and the widespread loss caused in the industry balanced against the four screens on which the broadcast was displayed, or to demonstrate that Defendant Stone profited significantly by the illegal broadcast, the Court arrives at the conclusion that the appropriate statutory damages in this case authorized by 47 U.S.C. § 605(e)(3)(c)(ii) is $35,000.00. To that the Court awards $3,600.00 based on account of conversion.

/ / /

/ / /

/ / /

/ / /

1 **IT IS HEREBY ORDERED** granting the Motion for Default Judgment (Doc. 14) in the amount of $38,600.00.

Dated this 13th day of September, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge